United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Oscar Garcia Rodriguez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2480 |
| | § | |
| Pamela Jo Bondi, *et al.*, | § | |
| | § | |
| Respondents. | § | |

<u>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**</u>

Petitioner Oscar Garcia Rodriguez is a native and citizen of Colombia who concedes that he unlawfully entered the United States in 2022. Doc. 1 ¶ 2. On February 10, 2025, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Docs. 1 ¶¶ 3 & 21, 8 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (2) procedural due process; (iii) the Immigration and Nationality Act,[1] (iv) the Administrative Procedures Act, (v) the *Accardi* Doctrine; (vi) the Suspension Clause, and (vii) equal protection.

Before the Court is Respondent's Motion for Summary Judgment, Doc. 8, filed

---

[1] Petitioner further contends that *Buenrostro-Mendez v. Bondi* is inconsistent with *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), in that the Fifth Circuit failed to exercise its independent judgment when reviewing the INA and associated DHS actions. *See* Doc. 1 ¶¶ 67–73. As this Court has previously recognized, the Court is bound by controlling Fifth Circuit precedent and therefore does not entertain grounds for that precedent to be overturned.

on June 21, 2026. Although the Court ordered Petitioner to file any opposition to the Government's response within seven days of service, Doc. 6, Petitioner has failed to file a response to the Motion. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See id.* at 2; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Moreover, while this Petition remained pending, an immigration judge ordered Petitioner removed on June 16, 2026. Doc. 8-2. The order is not yet administratively final, but the Court construes Petitioner's failure to respond as a representation that Petitioner does not oppose Respondent's motion for summary judgment. *See id.*; L.R. 7.4.

Even if the motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 15th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge